UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-287-JBC

BLISS COLLECTION, LLC,                                                                  PLAINTIFF,

V.                        MEMORANDUM OPINION AND ORDER

LATHAM COMPANIES, LLC, ET AL.,                                                DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for a preliminary injunction. The court, having reviewed the record and being advised, will deny the motion.

**Facts:**

Bliss Collection, LLC ("Bliss") sells children's clothing. Its flagship product is a line of children's sweaters characterized by pastel colors and thematic crocheted designs of mercerized pima cotton. Bliss was formerly owned by three people: Elizabeth McLean, Kelly Farish, and Shannon Latham. In December 2003, Ms. Latham sold her interest in Bliss to Ms. Farish and Ms. McLean. Ms. Latham then formed her own company, Latham Companies, which would compete with Bliss in the children's clothing market. By forming a company targeting Bliss's market and customers, Bliss contends, Ms. Latham has misappropriated the good will that she transferred to the plaintiff when she sold her interest in Bliss. According to Bliss, the good will includes the product features, customer relationships, designs, and the label recognition/trademark of Bliss products. To minimize the damage from the alleged misappropriation of good will, Bliss seeks a preliminary injunction preventing

Ms. Latham and her company from selling sweaters to its customers.

**Analysis:**

In considering whether to grant a motion for a preliminary injunction, the court must consider four factors: 1) whether the plaintiff has a strong likelihood of success on the merits; 2) whether the plaintiff will suffer irreparable injury without the injunction; 3) whether issuing the injunction will cause substantial harm to others; and 4) whether the public interest is served by granting the injunction. *E.g., In Gonzales v. Nat. Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). " Although no one factor is controlling, a finding that there is . . . no likelihood of success on the merits is usually fatal." *Id.*

In Kentucky, "a sale of good will is not to be implied [from the sale of a business], unless it may be reasonably inferred from the contract of sale that the parties intended to sell it." *Potter v. Colvin*, 302 S.W. 2d 105, 108 (Ky. App. 1957). Nor does the sale of a business, together with its good will, imply that the seller will not form a competing business. *Id.*

In *Potter*, a plaintiff-buyer purchased the Timbers Motel from defendant-sellers. The defendant-sellers executed a simple deed conveying this motel to the buyers. The defendants then opened a new motel – the Timberlane Lodge – near the Timbers Motel. Additionally, the defendants were alleged to have built their motel in such a way as to hide the plaintiff's motel from passengers on the road; to have built a barbeque stand and woodpile to further hide the plaintiff's motel; and to have erected a "deceptive sign" to cause people to believe that the Timbers

2

Motel was part of the Timberlane Lodge. The circuit court instructed the jury that "there is an implied promise . . . that the seller will not solicit the trade of old customers nor do any act that will interfere with the buyer's use and enjoyment of the property, including the good will property right," and the jury returned a verdict for the plaintiff. However, because a sale of goodwill may not be implied absent a reasonable inference from the contract of sale, this instruction was held improper on appeal. In its analysis, the appellate court distinguished *Potter* from other cases where the defendant agreed not to compete with the plaintiff.

Notwithstanding *Potter*, Bliss urges this court to follow *Johnson v. Stumbo*, 126 S.W.2d 165 (Ky. 1938). In *Johnson*, the defendant-seller sold a hospital to the plaintiffs. As partial consideration for the sale, the defendant expressly transferred the good will associated with the hospital. He also executed a covenant not to compete whereby he agreed not to own or operate a hospital in Floyd County, Kentucky for ten years. Before the ten years expired, the defendant built a hospital in Knott County, 300 yards from the Floyd County line. In building this second hospital so close to the county line the court noted that the defendant had expressly transferred his interest in good will to the plaintiffs. By building the hospital so close to the county line, however, the defendant was interfering with the good will that he expressly transferred. Additionally, by building a hospital so close to Floyd County, the court held that the defendant had breached his covenant not to compete.

In this case, the Purchase and Sale agreement does not contain an express

transfer of good will. Nor is there a clause prohibiting Ms. Latham from competing with Bliss or from selling products to Bliss's customers. Therefore, under *Potter*, Ms. Latham did not act improperly. The facts in this case are different from those in *Johnson* in two critical areas. First, in *Johnson* the defendant-seller expressly transferred his interest in good will to the plaintiffs. Second, in *Johnson*, the defendant executed a covenant-not-to compete with the plaintiffs. In this case, the Purchase and Sale agreement does not contain the term "good will," and nothing in the contract of sale implies that the parties intended to sell good will.[1] Thus the plaintiff's argument that Ms. Latham is misappropriating good will that she allegedly transferred in the Purchase and Sale agreement is unlikely to succeed on the merits.

Moreover, any harm suffered by the plaintiff as a result of this court's failure to issue an injunction is reparable by an award of money damages. Further, the public interest in free enterprise and competition will be thwarted by the issuance of an injunction in the absence of more explicit contract terms about the sale of good will and restraints on competition. Thus, the court will not issue a preliminary injunction. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a preliminary injunction (DE 6)

---

[1] The plaintiff cites a letter written by Ms. Latham during the negotiation for the sale of her interest in Bliss. Bliss argues that this letter shows that the parties intended that Ms. Latham sell her interest in the good will and that she not solicit Bliss's customers. However, even if this letter were part of the sale agreement, it shows nothing more than Ms. Latham's desire that the valuation of the company include an assessment of Bliss's goodwill, so that the sale of her 1/3 interest would yield a higher sum.

is **DENIED**.

Signed on January 24, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY